## COMMONWEALTH *vs.* CAROLINE LEONARD.

Though, by the first section of c. 47 of the Rev. Sts., the legislature intended to provide for the punishment of common sellers of spiritous liquors without license, yet it is not necessary to allege, in an indictment on that section, that the defendant was a common seller: An indictment on that section is sufficient, if it allege that the defendant, on a certain day, and during all the time between that day and the day of the finding of the indictment, was, without being licensed, a seller of rum, &c. to be used in his dwelling-house, &c.

THE indictment in this case alleged that the defendant, " at Canton, in the county of Norfolk, on the first day of May now last past," (1842,) " and from thence continually to the day of the making of this presentment, did presume to be, and during all the time aforesaid was, in the dwelling-house of the said Caroline there situate, by her the said Caroline then and there used, improved and occupied, a seller of rum, brandy, gin and other spiritous liquors, to be then and there, in the said dwelling-house of her the said Caroline, used, consumed and drank, by the purchasers thereof; she the said Caroline not being then and there duly licensed, according to law, to be an innholder or common victualler; against the peace," &c.

The defendant, after being found guilty by the jury, in the court of common pleas, moved that judgment should be arrested " because of the insufficiency of the count in said indictment." This motion was overruled, and the defendant alleged exceptions.

*J. P. Bishop,* for the defendant.

*Wilkinson,* (District Attorney,) for the Commonwealth.

DEWEY, J. This indictment may be sustained, although it does not charge, in direct terms, that the defendant was a *common* seller of rum, brandy, gin and other spiritous liquors. The statute itself (Rev. Sts. *c.* 47, § 1,) does not use the words " common seller ; " but the legal construction given to the statute has always been, that, in punishing the offence therein described, the legislature intended to punish the offence of being a common seller of rum, brandy, &c. *Commonwealth* v. *Odlin,* 23 Pick. 275. *Commonwealth* v. *Pearson,* 3 Met. 449. In the

present case, the form of the indictment, charging that the defendant, " on the first day of May now last past, and from that day to the day of making the presentment, did presume to be, and during *all* the time aforesaid was, a seller of rum, brandy," &c., does substantially charge the offence of being a common seller of rum, brandy, &c. *Exceptions overruled.*